UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANCORA HOLDINGS GROUP, LLC,<br><br>             Plaintiff,<br><br>-against-<br><br>DAVID LAPUMA<br><br>             Defendant. | Case No. 1:24-cv-04417<br><br>**STIPULATED<br>PRELIMINARY INJUNCTION** |

WHEREAS, on June 10, 2024, Plaintiff Ancora Holdings Group, LLC ("Ancora") initiated this action and requested, among other things, a temporary restraining order and preliminary injunction against Defendant David LaPuma ("LaPuma"); and

WHEREAS, Ancora and LaPuma have reached agreement on the scope and terms of a preliminary injunction to be entered in this action;

THEREFORE, **IT IS HEREBY STIPULATED AND AGREED** by and between Ancora and LaPuma, and the Court hereby **ORDERS**, as follows:

(1) LaPuma is prohibited and restrained from, directly or indirectly, disclosing any of Ancora's Confidential Information (as defined below) to any person or entity, or utilizing for himself or any other person or entity any of Ancora's Confidential Information for any purpose, including, without limitation, in the solicitation of clients, former clients or prospective clients of Ancora or its affiliates;

(2) For purposes of this Order "Confidential Information" means:

    (a) all marketing techniques, practices, methods, plans, systems, databases, processes, financial information, and other materials or information relating to the manner in which Ancora and its affiliates conduct (or conducted) business;

    (b) all information relating to former, current and prospective clients of Ancora, its

predecessors, and its and their respective affiliates, including, without limitation, all client contact, financial and investment-related information;

(c) all proprietary information and trade secrets of Ancora and its affiliates;

(d) all other materials or information related to the business or activities of the Ancora and any of its affiliates which are not generally known to others engaged in similar businesses or activities;

(e) all inventions and ideas which are derived from or relate to LaPuma's access to or knowledge of any of the above enumerated materials and information; and

(f) "Confidential Information" shall not include any materials or information to the extent they are publicly known or generally utilized by others engaged in the same business or activities and have been gathered or obtained by LaPuma from public sources after termination of his employment with Ancora;

(3) LaPuma shall, within fifteen (15) days of this Order being entered by the Court, deliver to Ancora all originals and copies of all of Ancora's Confidential Information in the possession of LaPuma and in the possession of GatePass Capital, LLC ("GatePass") that LaPuma has provided to GatePass, including such Confidential Information contained on electronic devices or equipment. LaPuma shall also disclose, within (15) days of this Order being entered by the Court, to whom he has disclosed or caused to be disclosed Ancora's Confidential Information, and for what purpose such Confidential Information was disclosed;

(4) LaPuma and those working in concert with him, directly or indirectly, are prohibited and restrained from, in any function or capacity, whether for LaPuma's own account or the account of any other person or entity, soliciting the sale of products or services similar to those sold or provided by Ancora or its affiliates to any of the current clients of Ancora

or its affiliates (a "Client"). "Solicit" means the initiation, whether directly or indirectly, of any contact or communication, for the express or implicit purpose of inviting, encouraging or requesting a Client to:

(a) transfer assets or the management of any assets to any person or entity other than Ancora or any of its affiliates;

(b) obtain investment advisory, financial planning, asset management, wealth management, investment management, investment selection, tax planning, tax return preparation, financial management, broker-dealer, insurance, advisory to retirement plans, hedge fund management, activist hedge fund management and related services from any person or entity other than Ancora or any of its affiliates; or

(c) otherwise discontinue, change, withdraw, curtail, cancel, or transfer such Client's existing business relationship with Ancora or any of its affiliates;

(5) The Court does not make any findings of fact or any determination as to liability and this Order is not a decision on the merits of any claims or defenses in this action. No party in this action admits any fact or proposition of law, and nothing in this Order may be used against any party in this or any other forum or proceeding for any purpose other than in connection with the enforcement of this Order. All claims, defenses, and objections of the parties are preserved, including, but not limited to, any objection as to the jurisdiction of this Court, provided, however, that the parties consent and agree to the jurisdiction of this Court for the purposes of enforcing this Order;

(6) No bond is required;

(7) Ancora withdraws its application, brought by Order to Show Cause, for a temporary restraining order and preliminary injunction, which application is fully and finally resolved through this Order; and

4883-0637-0759, v. 1

(8) This Order shall remain in effect until further order of the Court or the entry of final judgment in this action, whichever is later.

Date: June 13, 2024

_____
U.S. DISTRICT JUDGE ARUN SUBRAMANIAN

STIPULATED BY:

**MANSOUR GAVIN LPA**

By: /s/ Kenneth E. Smith

Kenneth E. Smith (OH No. 0090761)
(*pro hac vice*)
Katie E. Epperson (OH No. 0098997)
(*pro hac vice*)
MANSOUR GAVIN LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114
(216) 523-1500
ksmith@mggmlpa.com
kepperson@mggmlpa.com

**TARTER KRINSKY & DROGIN LLP**

By: /s/ William F. Schmedlin

William F. Schmedlin
1350 Broadway
New York, New York 10018
Tel.: (212) 216-8000
wschmedlin@tarterkrinsky.com

*Counsel For Plaintiff Ancora Holdings Group, LLC*

**MATASAR JACOBS LLC**

By: /s/ Mark R. Jacobs (via email consent on June 13, 2024)

Mark R. Jacobs (OH No. 0071228)
(*pro hac vice*)
Scott C. Matasar (NY No. 2750289)
1111 Superior Avenue, Suite 1355
Cleveland, OH 44114
Phone: (216) 453-8180
Fax: (216) 282-8600
mjacobs@matasarjacobs.com
smatasar@matasarjacobs.com

**SCHLAM STONE & DOLAN LLP**

By: /s/ Erik S. Groothuis (via email consent on June 13, 2024)

Erik S. Groothuis
26 Broadway, 19th Floor
New York, New York 10004
Phone: (212) 344-5400
Fax: (212) 344-7677
egroothuis@schlamstone.com

*Counsel for Defendant David LaPuma*