HEATHER GRIFFIN
HGRIFFIN@GRSM.COM

Bryan DeStefano
BDESTEFANO@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

January 15, 2025

**VIA ECF**
The Honorable Arun Subramanian, U.S.D.J.
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

        Re:   *Ancora Holdings Group, LLC v. David LaPuma*
                Civil Action No. 24-cv-4417

Dear Judge Subramanian:

      This firm represents defendant David LaPuma ("Mr. LaPuma") in the above-referenced matter. Pursuant to Rule 5 of Your Honor's Individual Practices in Civil Cases and Local Rule 32.7, lead counsel for each party participated in a 42-minute conferral call on January 9, 2025, during which the undersigned informed Plaintiff's lead counsel, Kenneth Smith, Esq., that an impasse had been reached as to one aspect of the parties' ongoing discovery disputes.[1] Thus, Mr. LaPuma respectfully requests the Court convene a pre-motion conference and enter an order: (1) overruling and/or striking Plaintiff's, Ancora Holdings Group, LLC's ("Plaintiff" or Ancora"), improper objections to (i) Document Demands and (ii) categories contained in Mr. LaPuma's 30(b)(6) deposition notice; (2) compelling Ancora's production of relevant and discoverable information; (3) ordering Ancora to complete production of documents by a date certain; and (4) extending the March 16, 2025 discovery cutoff to permit Mr. LaPuma sufficient time to receive and analyze the discovery sought in advance of anticipated depositions.

### I.   Nature of the Dispute

      This discovery dispute arises from Acora's objections to Mr. LaPuma's discovery demands concerning his affirmative defenses and compulsory counterclaims. As Mr. LaPuma moved to dismiss the instant action in its entirety, which motion is fully briefed and pending before the Court (ECF Doc. No. 43), the time for Mr. LaPuma to assert his affirmative defenses, including that of

---

[1] For the past 3 months, the parties have been engaged in good faith conferral regarding several disputes in an attempt to resolve and narrow the issues before bringing to the Court; resulting in Plaintiff thrice supplementing its production (with a promised fourth supplemental production and agreement to amend the written responses to Interrogatories and Document Demands). At this time, this issue appears to be the only ripe dispute on which there is an impasse.

set-off, as well as his compulsory counterclaims for the wages owed to him, has not yet run. Regardless, Plaintiff has been on notice since September 4, 2024 of Mr. LaPuma's affirmative defenses and anticipated counterclaims. Mr. LaPuma was improperly denied commission payments, carried interest payouts, and other monies both earned and owed to him by Plaintiff at the time of his separation from employment. Plaintiff's document production already provided further support for Mr. LaPuma's position. *See* Ancora 261 (accepting Mr. LaPuma's resignation effective March 28, 2024 and admitting he is entitled to a commission payment on April 30, 2024), referenced herein as **Exhibit A**.[2] Ancora improperly, and in violation of Ohio substantive law, failed to pay these earned commissions as part of its campaign to harass Mr. LaPuma, which includes its filing of the instant meritless action against him for theft of "trade secrets" (*i.e.* emailing himself a copy of his own commission report), as well as a related action against his new employer, GatePass.[3] Ancora's malicious withholding commissions owed, even in the face of litigation as to purported breaches of restrictive covenants, is in violation of well settled law entitling Mr. LaPuma to recovery of those commissions and exemplary damages. *See, e.g.*, Ohio Rev. Code Ann. § 1335.11(D); *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 328 (6th Cir. 2014) (affirming district court's finding that the plaintiff's "decision to withhold commissions was willful" and "was not excused by [defendant's] violation of the non-solicitation provision, or by a common law right of set-off.").

Plaintiff – despite its notice of the claims and affirmative defenses *for months* – is now engaging in subterfuge by refusing to participate in discovery in good faith. Seemingly, Ancora intends to run out to the clock on discovery[4] in the hopes that Mr. LaPuma's motion to dismiss is not heard and thereby avoid having to respond to discovery relating to his to be pled affirmative defenses. Such tactics fail to comport with Plaintiff's obligations to engage in discovery in good faith and further risk prejudicing Mr. LaPuma in this action. At a minimum, Plaintiff's tactics (if permitted) will result in a waste of judicial resource as the parties will undoubtedly be forced to reopen discovery, including re-deposing witnesses and parties located in Ohio.

## II. Discovery at Issue

On September 25, 2024, Mr. LaPuma served his First Request to Produce Documents ("RFP"), annexed hereto as **Exhibit B**. On October 13, 2024, Mr. LaPuma served an amended Notice of Deposition pursuant to Federal Rules of Civil Procedure 30(b)(6) ("Notice of Deposition"), annexed hereto as **Exhibit C**. On October 23, 2024, Ancora objected to the Notice of Deposition ("30(b)(6) Objections"), annexed hereto as **Exhibit D**. Then, on November 8, 2024, Ancora served its Objections and Responses to Mr. LaPuma's First set of Document Requests ("RFP Responses"), annexed hereto as **Exhibit E**.[5]

Plaintiff's position in both its RFP Responses and its 30(b)(6) Objections sounds in the same issue: Plaintiff refuses to provide relevant discovery because the time for Mr. LaPuma to

---

[2] Ancora has marked this document as CONFIDENTIAL pursuant to the Protective Order in this matter; a copy of the document will be provided to the Court *in camera* but has not been filed in the record in light of this designation.

[3] The related action is pending in the Northern District of Ohio, *Ancora Holdings Group, LLC v. GatePass Capital, LLC*, Civil Action No. 1:24-cv-0098-SO.

[4] Presently, the deadline for fact discovery in this matter is March 16, 2025.

[5] As can be seen in Exhibit E, Ancora's responses are woefully deficient and comprised almost singularly of impermissible boilerplate objections. The parties have not yet reached an impasse, as Ancora has recently agreed to provide amended written responses, which have not yet been received. Mr. LaPuma reserves his right to further court intervention if/when an impasse is reached as to other remaining discovery disputes.

formally raise, "in the record," his set-off defense and compulsory counterclaims for commissions and monies owed to him by Ancora, has not yet run. Specifically, Ancora refuses to provide responsive documents to RFP Requests Nos. 5 (seeking, *inter alia*, carried interest agreements); 10 (seeking documents to identify Ancora employees involved in distributing payments of monies owed to employees); and 62–81 (seeking documents necessary to determine the amount of money owed to LaPuma as commissions, Asset Under Management fees, carried interest payments, policies relating to payments earned by unpaid commissions/fees to departed employees, etc.). Similarly, Ancora objected to and refused to produce a witness to testify as to the categories identified in the Notice of Deposition at Nos. 7–9 (concerning various forms of non-payment for monies owed to Mr. LaPuma).

Plaintiff's objections are primarily as to proportionality and, according to Plaintiff, discovery should be limited strictly to Plaintiff's claims and exclude any affirmative defenses or related counterclaims, despite Plaintiff's notice of same. Plaintiff also asserts boilerplate objections that the RFP's are overly broad and unduly burdensome – without remotely specifying in what ways any of the requests are either. This jurisdiction and the FRCP recognize that such boilerplate objections are insufficient and may be overruled and/or that Plaintiff is deemed to have waived said objections. S*ee, e.g., Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017); *see also United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, No. 19CIV4355LGSGWG, 2020 WL 9460649, at *2 (S.D.N.Y. July 6, 2020) (recognizing the Court's authority to find that patently defective objections result in waiver, and noting "that the objections are completely unspecific and fail to comply with the requirement that for each document request, 'the response must either state that inspection and related activities will be permitted as requested or <u>state with specificity the grounds for objecting to the request, including the reasons</u>'…Also, any objection to a document request must 'state whether any responsive materials are being withheld on the basis of that objection.'") (emphasis in original).

Given the volume of documents and the relevancy of the information sought, the undersigned is reasonably concerned with proceeding to depositions where Plaintiff continues to refuse to provide information concerning the affirmative defenses and counterclaims at issue. Plaintiff should not be awarded for its chicanery.

### III.   Conclusion and Requested Relief

Ancora has had notice of Mr. LaPuma's affirmative defenses and compulsory counterclaims *for months*. It does not contest the relevancy of the requested discovery, but rather presently attempts to avoid production as part of its vexatious litigation strategy and to prejudice Mr. LaPuma by precluding him from obtaining discovery relating to his affirmative defenses merely because the time to submit same into the record has yet not run. This does not comport with Ancora's good faith obligations and is pure gamesmanship. If Ancora's tactics go unaddressed, Mr. LaPuma risks substantial prejudice as to his defenses by being forced to proceed with deposing Plaintiff's representatives without his requested information. Thus – and barring a stay of discovery while the motion to dismiss is pending – we respectfully request that the Court overrule Ancora's objections, compel Ancora to provide fulsome written responses to the RFP within ten (10) days of the Court's Order, permit deposition of Ancora's representatives as to these issues (*i.e.* overrule Ancora's objections to the Notice of Deposition), and further extend the discovery cutoff and related deadlines in this action. Such relief is necessary to avoid prejudice to Mr. LaPuma in this action considering Plaintiff's discovery tactics.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI LLP

/s/ Heather Griffin
Heather Griffin

Cc: All Counsel of record (via ECF)

The parties are directed to appear for a telephonic conference before the Court on Tuesday, January 21, 2025 at 11:30 AM. The parties may dial (646) 453-4442 and enter conference ID: 714 981 341 followed by the pound (#) sign.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: January 17, 2025